IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|  | : | NO. 10-717 |
| v. | : |  |
|  | : | CIVIL ACTION |
| TEO VAN BUI | : | NO. 16-3453 |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                     **March 12, 2024**

Defendant Teo Van Bui filed a motion under 28 U.S.C. § 2255 to obtain relief from his conviction and sentence for carrying, using, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Given the predicate offenses for his § 924(c)(1) charge are conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, Bui argues his conviction and sentence can no longer stand as neither of these offenses are crimes of violence following the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019). The Third Circuit, however, recently decided to join the "unanimous Circuit authority" holding that completed Hobbs Act robbery **is** a crime of violence under § 924(c)(3)(A). *United States v. Stoney*, 62 F.4th 108, 112-13 (2023). Bui's motion will therefore be denied.

**FACTUAL BACKGROUND**

On November 3, 2010, Bui was charged in a four-count Indictment with conspiring to and robbing business proceeds from the owner of three nail spas located in eastern Pennsylvania and New Jersey. The robbery occurred on January 26, 2010 after at least one prior planning meeting near a pool hall at the intersection of Washington Avenue and Sixth Streets in Philadelphia. On that date, Bui, and several others, drove from Philadelphia to the business owner's home in

1

Bartonsville, PA.  They waited until the business owner arrived and disabled his alarm system. Then, Bui and his cohorts – who were wearing masks, and carrying and brandishing firearms— pushed the owner to the floor, restrained him with duct tape, and threatened to kill him and his family members.  Bui and the others then stole jewelry, cash, and other valuables before fleeing the house.

Unfortunately for Bui, the business owner's teenage son was outside at the time of the invasion and saw his father being assaulted by the robbers.  The son called the police and then hid in the woods.  When the police arrived, they caught Bui as he fled out the back door carrying the cash and jewelry, while the other perpetrators successfully escaped.  Two firearms were found discarded in the residence, including a 9 mm Smith and Wesson handgun traced to Bui and found to contain four rounds of ammunition with one in the chamber.  On January 13, 2011, Bui pled guilty to all four of the charges in the Indictment, which included one count each of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery in violation of 18 U.S.C. § 1951(a); one count of carrying, using, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1); and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).[1]  He was sentenced on August 28, 2012 to a total of 96 months' imprisonment.

On June 20, 2016, relying on *Johnson*, Bui filed a counseled § 2255 motion seeking vacatur of his § 924(c)(1) conviction and the enhanced sentence he received thereunder.  *Johnson* invalidated the "residual clause" definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that imposing an enhanced sentence pursuant thereto violated the right to due process.  *See Johnson*, 576 U.S. at 597, 606.  In

---

[1]  Bui was also charged and pled guilty to aiding and abetting liability under 18 U.S.C. § 2.

the present motion, Bui asserts *Johnson* also applies to the similarly-worded residual clause in the definition of "crime of violence" in § 924(c)(3)(B), and thus Hobbs Act robbery no longer qualifies as a crime of violence under the statute.[2] Subsequent to the filing of Bui's motion, the Supreme Court determined that § 924(c)(3)(B) was indeed unconstitutionally vague.[3] *Davis,* 139 S. Ct. at 2336. While Bui's motion was initially stayed pursuant to a court-wide Administrative Order, it remained stayed following *Davis*, pending other, ongoing appellate proceedings on the issue of whether Hobbs Act robbery was "categorically" a crime of violence under § 924(c)(3)(A)'s "elements" clause. With the filing of the Third Circuit's decision in *Stoney*, the stay is no longer necessary and this matter is now ripe for adjudication.

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside or correct the sentence if it was imposed in violation of the Constitution or laws

---

[2] As noted, Bui was also charged and pled guilty to conspiracy to commit Hobbs Act robbery and he argues this offense likewise does not qualify as a "crime of violence." While this assertion is meritorious, *see, e.g., United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), *abrogated on other grounds by Lora v. United States*, 143 S. Ct. 1713 (2023), *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), it is irrelevant to Bui given his guilty plea to Count 2 of the Indictment charging him with completed Hobbs Act robbery.

[3] In so holding, the Court in *Davis* followed *Johnson* and its later decision in *Sessions v. Dimaya*, 584 U.S. 148 (2018), in which it invalidated the general definition of the term "crime of violence" set forth in 18 U.S.C. § 16. The wording of § 16 also closely resembles that of § 924(c)(3)(B):

> The term "crime of violence" means—
>
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, or if it "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief."  *United States v. Scripps*, 961 F.3d 626, 631-32 (3d Cir. 2020) (citation omitted).  In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  While the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations" in the motion "may be disposed of without further investigation by the District Court."  *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).  Because it is clear from the record of this case that Bui is not entitled to any relief, an evidentiary hearing is not necessary.

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'"  *Davis*, 139 S. Ct. at 2324 (quoting § 924(c)(1)(A)).  A "crime of violence" is a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.§ 924(c)(3).

As noted, *Davis* made clear that to uphold a conviction and sentence under § 924(c)(1), the predicate crime must be a categorical "crime of violence" pursuant to the "elements" clause of

§ 924(c)(3)(A).  *See Stoney*, 62 F.4th at 111 n.2. ("[N]ow, only § 924(c)(3)(A), the 'elements clause' contemplates whether a felony offense qualifies as a crime of violence."). *Stoney* considered the identical issue raised by Bui: whether completed Hobbs Act robbery requires proof of "the use, attempted use, or threatened use of physical force," and is thus "categorically a crime of violence under § 924(c)(3)(A)," and held that it is.  62 F. 4th at 113-14 (quoting § 924(c)(3)(A)). Thus, Bui's § 924(c) conviction and sentence remain valid and his motion shall be denied. Additionally, in view of the unanimity of Circuit authority on this point, Bui cannot and has not shown reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong.  Thus, there are no grounds to issue a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

       An appropriate Order follows.

BY THE COURT:

/s/  Juan R. Sánchez
_____
Juan R. Sánchez,           J.